IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 19-190 |
| | ) |
| ROBERT HOWELL, JR. | ) |

**OPINION and ORDER**

Presently before the Court is Defendant Robert Howell, Jr.'s pro se Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 1262, filed with an Amendment of the Motion, ECF No. 1262-1, and an Affidavit in Support, ECF No. 1262-2.[1]  Mr. Howell requests a retroactive sentence reduction under Amendment 821 to the United States Federal Sentencing Guidelines.  The government filed a Response, arguing that Mr. Howell does not qualify for a reduction.  ECF No. 1277.   Mr. Howell's Motion will be denied as Mr. Howell does not qualify under Amendment 821 for a retroactive reduction in his sentence.

**I.      Applicable Law**

Section 3582(c)(2) of Title 18 allows a court to reduce a term of imprisonment where the defendant's original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Amendment 821 to the United States Sentencing Guidelines amended § 4A1.1(e), and it created § 4C1.1, which benefits qualifying defendants, either through a lower criminal history score

---

[1] Pursuant to the Western District of Pennsylvania's Protocol for Review of Motions filed pursuant to Amendment 821, Mr. Howell's Motion was forwarded to the Office of the Federal Public Defender for review, which referral was also mailed to Mr. Howell.  The Federal Public Defender notified the Court that they would not being filing a counseled motion on behalf of Mr. Howell.

(§ 4A1.1(e)) or through a lower offense level (§ 4C1.1). Amendment 821 became effective November 1, 2023.

First, newly amended § 4A1.1(e) addresses whether "status" points are added to a defendant's criminal history score, based upon whether the defendant committed "the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." USSG § 4A1.1(e). Amendment 821 revises how such "status" points are calculated for defendants. Prior to Amendment 821, any offender, who committed their present offense while under a criminal justice sentence, was assigned 2 status points, regardless of their criminal history points. Now, offenders who have 6 or fewer criminal history points, as calculated under § 4A1.1(a)-(d), are not assigned any status points, while those who have 7 or more points are assigned 1 status point.

Second, newly created § 4C1.1 provides for a two-level decrease in a defendant's offense level, if "the defendant did not receive any criminal history points from Chapter Four" and otherwise meets the remaining criteria of § 4C1.1. U.S.S.G. § 4C1.1(a)(1). As a result, qualifying defendants will now have a reduced offense level, which results in a reduction of their recommended guideline sentencing range.

Finally, relevant to both guideline sections, Amendment 821 has been made retroactive to offenders whose guideline sentencing range has been lowered pursuant to Amendment 821 and who are currently serving a term of imprisonment. As such, qualifying defendants are eligible to receive a reduced sentence. USSG § 1B1.10(a)(1), (d).

The United States Supreme Court has set forth a "two-step inquiry" for determining whether a reduction of sentence under 18 U.S.C. § 3582(c) is warranted. *Dillon v. United States*, 560 U.S. 817 (2010). At Step One, the court is "to follow the Commission's instructions from §

1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 826. . Section § 1B1.10(b)(1) instructs a court to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced.  In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1). "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

## II.     Discussion

At sentencing, Mr. Howell was determined to have a total criminal history score of five, which included two points for having committed his offenses while under a criminal justice sentence, as set forth in § 4A1.1(e).  At Step One, Mr. Howell is initially determined to be eligible for a sentence reduction under section 4A1.1(e), because he was originally assessed two "status" points.  His criminal history score of five equates to a criminal history category of III. The guideline sentencing range for a criminal history category of III and an offense level of 41 was 360 months to Life imprisonment.

Following the Amendment, Step One consideration supports that Mr. Howell is now eligible for removal of both status points pursuant to the section 4A1.1(e), because, as calculated under § 4A1.1(a)-(d), Mr. Howell has six or less criminal history points; he is therefore assigned zero status points.  With the two-point reduction, Mr. Howell's total criminal history score is

lowered from 5 to 3.  With a criminal history score of 3, Mr. Howell's criminal history category is lowered from III to II.  Notwithstanding, with a criminal history category of II and an offense level of 41, the guideline sentence range is still 360 months to Life imprisonment.  Therefore, even with the Amendment re-calculation, and his reduced criminal history score and criminal history category, Mr. Howell's recommended guideline sentence range remains unaffected.  Application of the retroactive amendment to Mr. Howell "does not have the effect of lowering the defendant's applicable guideline range[]" prior to any variance or departure.  U.S.S.G. § 1B1.10 (a)(2)(B).[2]  Mr. Howell does not satisfy the Step One criteria to entitle him to retroactive sentence modification.  As such, Mr. Howell does not qualify for a retroactive reduction in his sentence pursuant to Amendment 821.

### III. Conclusion

Mr. Howell's Motion for reduced sentence will be denied.  An appropriate Order follows.

### ORDER

AND NOW, this 29th day of July 2024, it is hereby ORDERED that Robert Howell, Jr.'s Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), is DENIED.

s/*Marilyn J. Horan*
United States District Judge

Robert Howell, Jr., pro se
Reg. No. 39778-068
FEDERAL CORRECTIONAL INSTITUTION
FCI Allenwood Low
PO BOX 1000
White Deer, PA  17887

---

[2] The Court has reviewed Mr. Howell's Amendment of the Motion, ECF No. 1262-1, and his Affidavit in Support, ECF No. 1262-2, in which he presents facts, data, and argument in favor of receiving a lowered sentence.  Such pleadings, however, are not part of the Court's consideration as to whether Mr. Howell *qualifies* for a reduction.